PRATT, J.
This action was brought to recover damages for the death of Edward Donnelly, plaintiff’s intestate, upon Eighty-Fifth street, in the city of New York, June 11, 1894. The allegations of negligence set forth in the complaint are that the defendant- permitted its switch in Eighty-Fifth street to remain open without proper attention, that defendant did not provide at said place a switchman to attend to such switch during the da}*-, in not providing a proper and safe switch at said place, and in not keeping the same in good condition, closed and fastened. Defendant denies that the accident occurred bjr reason of any negligence on the part of the defendant, and alleges that the negligence of Edward Donnelly, or that of a competent fellow servant, caused the accident.. At the time of the happening of this accident Edward Donnelly was a horse-car driver, employed by the New York & Harlem Railroad Company. On June 11,1894, he was the driver of a car which ran from Madison avenue and Eighty-Sixth street :to Eighth avenue and Eighty-Fifth street, going west. On Eighty» *170 Fifth street there were switches leading from the main track of defendant into its stable, and, while the car driven by Donnelly was passing over these switches, it jumped the track, and Donnelly fell over the car, and was killed. The switch at* the time was turned so as to turn the car into the stable, although, five minutes before the accident, a Second avenue car, going west through Eighty-Fifth street, had passed over the same switches in safety, and cars had been going west, and passing over the switch every three minutes, since 8 o’clock in the morning. The switch was a “ standard switch,” which swung from right to left, and, when set, was secured by an iron plug and a rubber. It was closed that morning, and cars were going over it all the morning. During the day the switch was not" open at all. It was in use only in the morning to take out cars, and in the evening to put in cars, and during the day was closed, and secured by the iron plug. The same pattern of switch is used by other street-railroad companies.
How this switch happened to be connected at this time with the railroad, so as to turn the car to the right, towards the stable, does not appear. Undoubtedly, the switch was either turned, so as to connect and turn the car off, by some fellow servant of the plaintiff, or by accident the plug got out, so as to allow the switch to move. The device for switching off the car towards the street was in perfect order, had been in use that morning, and was in use afterwards. The car, turning suddenly to the right, threw the plaintiff off of the platform, and over the dashboard, or to one side, and he was killed. There is no theory upon which this action can be maintained. If he was thrown off from the car by the sudden turning or the car, the risk of his being thrown from the car was what he assumed by accepting the employment. If the switch was turned by a fellow servant, that no liability was incurred by the company is too well settled to require citation of authority. No proof whatever was offered to show that the railroad or the car or the track was out of order, which caused the accident. The defendant was under no obligation to keep a man at this point to watch all the time, but only while the switches were in use, to take the cars out and in to the stable. It does not appear in what manner Donnelly was driving, whether slow or fast, whether he observed the track to see if the switch was open or closed, whether he saw the open switch and regulated his conduct accordingly, or whether seeing it he attempted to drive past it. There was a failure to prove any negligence upon the part of the defendant.
Judgment affirmed, with costs.
All concur.